IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SCOTT & KELLI KELLY,

      Plaintiffs,

vs.

      Case No. C2-09-496
      Judge Edmund A. Sargus, Jr.
      Magistrate Judge Terence P. Kemp

GUARDIAN PROTECTION
SERVICES, INC.,
*et al.*,

      Defendants.

## ORDER

On September 17, 2009, Defendants American, Inc. & Connective Home of Ohio LLC moved to dismiss this action based on a lack of subject matter jurisdiction. Defendants assert that the parties are not completely diverse as required by 28 U.S.C. § 1332. In response, Plaintiffs concede that complete diversity is lacking, and now move for voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Defendants did not oppose Plaintiffs' request or otherwise object to the motion for voluntary dismissal.

Rule 41(a)(2) provides that an action may be dismissed at the plaintiff's request by order of the court "on terms that the court considers proper." Dismissal should be permitted "unless defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)(quoting *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)). In considering whether to grant a voluntary dismissal, the Court must consider such

factors as the amount of time and effort the defendant has incurred in preparing for trial; any lack of diligence or delay on the part of the plaintiff in prosecuting the action; the plaintiff's failure to explain the need for a dismissal; and whether the defendant has filed a motion for summary judgment. *Grover,* 33 F.3d at 718. In this case, all of these factors weigh in favor of granting the motion.

The case is in its early stages. The record reflects that only one Defendant has filed an answer to the amended complaint, and no discovery has occurred. Plaintiffs exhibited no delay or lack of diligence in bringing the motion once they recognized the lack of complete diversity. Certainly, no summary judgment motion has been filed. Moreover, Plaintiffs have furnished an adequate explanation for the need for voluntarily dismissal, namely to proceed in a consolidated action in the proper state court. For these reasons, the motion is **GRANTED**.

The Court has discretion to impose conditions upon a voluntary dismissal without prejudice. *Duffy v. Ford Motor Co.,* 218 F.3d 623, 629 (6th Cir.2000). Plaintiffs request that the Court not impose costs or attorneys' fees as a condition of this dismissal without prejudice. Defense costs are not required as a matter of law. *See DWG Corp. v. Granada Investments, Inc.,* 962 F.2d 1201, 1202 (6th Cir. 1992)("no circuit has held that such costs are mandatory"). Defendants have lodged no objection. Given the early stage of this litigation, that the record reflects minimal preparation by Defendants towards trial, and, most significantly, without objection from any Defendant, Court will not penalize Plaintiffs for filing a *bona fide* lawsuit by imposing defense fees and costs.

Accordingly, Plaintiffs' motion for voluntary dismiss (Doc. 19) **GRANTED**. The motion to dismiss filed by Defendants connective Home and American, Inc. (Doc. 16) is, therefore, **DENIED AS MOOT**. This case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

\_\_\_\_1-11-2010_____
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**